UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **22-mj-02982-TORRES**

UNITED STATES OF AMERICA

vs.

**ERNESTO CRUZ GRAVERAN,**

    **Defendant.**
_____/

## DETENTION ORDER

On June 13, 2022, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether Defendant Ernesto Cruz Graveran ("Graveran") should be detained prior to trial. Having considered the evidence presented at the pre-trial detention hearing, the pretrial services report, arguments of counsel, and the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions will reasonably assure the appearance of Graveran as required. Therefore, the Court orders the detention of Graveran prior to and until the conclusion of trial.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

1. The charges against Graveran are serious. Graveran is charged by criminal complaint with health care fraud, in violation of Title 18, United States Code, Section 1347.

2. The weight of the evidence against Graveran is substantial. The government proffered the following evidence at the detention hearing:

    a. Graveran was involved in a health care fraud scheme in which his company, Xiko Enterprises ("Xiko")—a Florida corporation that purported to provide durable

    medical equipment ("DME") to eligible Medicare beneficiaries—fraudulently billed Medicare over $4 million for DME that the beneficiaries never received, requested, or needed.

    b. On or about February 22, 2022, Xiko submitted claims totaling approximately $7,000 to Medicare for various DME purportedly provided to beneficiary C.F., specifically, collagen and hydrocolloid dressings. Medicare paid Xiko approximately $5,600 for these claims. However, C.F. informed law enforcement that C.F. did not receive, request, or need any of this DME.

    c. Medicare claims data indicated that Dr. A.B. prescribed DME for approximately 145 beneficiaries. Xiko billed Medicare approximately $1,163,585 for DME purportedly provided to these approximately 145 beneficiaries, and Medicare paid Xiko approximately $777,911. However, a representative from Dr. A.B.'s medical practice informed law enforcement officers that none of these approximately 145 beneficiaries were in fact patients of Dr. A.B.

    d. Graveran was the sole owner of Xiko when these fraudulent claims were submitted to Medicare. Graveran was also the sole owner and signor of Xiko's corporate bank account, which received payment from Medicare; Graveran was listed in Xiko's corporate records registered with the Florida Department of State, Division of Corporations, as the president and registered agent of Xiko; and Graveran was listed in the Medicare enrollment documents for Xiko as the sole owner and authorized official of Xiko.

    e. In a post-*Miranda* recorded statement, Graveran admitted to law enforcement his involvement in this health care fraud scheme.

3.     The pertinent history and characteristics of Graveran support pre-trial detention.

Graveran is a Cuban citizen with extensive ties to Cuba and limited ties to the Southern District of Florida. All of his family members reside in Cuba and he has a recent history of travel to Cuba. Furthermore, the circumstances of Graveran's arrest suggest a serious risk that Graveran will flee if released on bond, as Graveran was arrested on board a jet ski outfitted with a special fuel cell and provisions for a long journey in the waters south of Key West, headed toward Cuba.

4. Based on the foregoing, the Court finds by a preponderance of the evidence that Graveran poses a risk of non-appearance. The Court further finds that there are no conditions or combination of conditions which will reasonably assure Graveran's appearance as required.

5. Therefore, the Court hereby directs that:

   a. Graveran be detained without bond;

   b. Graveran be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

   c. Graveran be afforded reasonable opportunity for private consultation with his counsel; and

   d. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Graveran is confined shall deliver him to a United States Marshal for the purpose of an appearance in connection with court proceedings.

**DONE AND ORDERED** in Miami, Florida, this 15th day of June, 2022.

_____
HONORABLE ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record
    Pretrial Services
    U.S. Marshals Service